IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

USI INSURANCE SERVICES, LLC,

    *Plaintiff,*

v.

REBECCA FOWLER,

    *Defendant.*

Case No. 25-2062-EFM

**MEMORANDUM AND ORDER**

Before the Court is Defendant Rebecca Fowler's Motion to Set Aside Clerk's Entry of Default (Doc. 19). Plaintiff USI Insurance Services, LLC opposes the Motion. For the reasons stated below, the Court grants Defendant's Motion.

**I.    Factual and Procedural Background**[1]

This case concerns an alleged breach of a non-compete agreement. Plaintiff provides insurance and risk management services and employs "producers" to identify, solicit, and service current and future clients. Plaintiff previously employed Defendant as a producer, and Defendant entered into a Confidentiality, Non-Solicitation, and Non-Acceptance Agreement ("Agreement") with Plaintiff. The Agreement contains several terms designed to protect the Plaintiff's goodwill, confidential information, and trade secrets. Plaintiff later terminated Defendant's employment on July 16, 2024. Two weeks before her termination, Plaintiff formed Fowler Consulting, LLC through a filing with the Kansas Secretary of State, which Plaintiff contends directly competes

---

[1] The facts are taken from Plaintiff's Complaint and the affidavits attached to Defendant's Motion and are assumed true for the purposes of this Order.

with it. Plaintiff also contends that Defendant solicited business from two of its client accounts in violation of the Agreement. As such, Plaintiff filed this suit on February 7, 2025, based on diversity jurisdiction under 28 U.S.C. § 1322.

Plaintiff hired a process server to serve Defendant, first trying to do so at her previous home in Overland Park, Kansas, and then at her new apartment in Miami, Florida. Plaintiff was not able to personally serve Defendant until March 6, 2025. Afterwards, Defendant sought counsel from an attorney who previously represented her, Jared Shearman. Mr. Shearman, who practices in New Orleans, Louisiana, prepared a motion for extension of time to answer the Complaint and helped Defendant file it on March 27, 2025. In doing so, Mr. Shearman emailed Plaintiff's counsel on Defendant's behalf to confirm the motion would not be opposed. The Magistrate Judge granted Defendant's motion, extending Defendant's time to answer until April 29, 2025. Mr. Shearman informed Defendant that he would represent her in this District of Kansas suit by obtaining *pro hac vice* status, and Defendant believed he would do so. Unbeknownst to Defendant, Mr. Shearman never obtained *pro hac vice* status or otherwise ensured Defendant filed an answer by the deadline.

Defendant did not discover Mr. Shearman's lack of representation until Friday, May 30, 2025, when she received a mailed copy of Plaintiff's May 28, 2025, Application for Clerk's Entry of Default. Defendant tried to contact Mr. Shearman without success. On Monday, June 2, 2025, Defendant immediately sought new counsel based in Kansas and obtained representation on June 3, 2025. The Clerk of the Court entered default on June 4, 2025, and Defendant's new counsel immediately filed the present Motion to Set Aside on June 5, 2025.

## II. Analysis

Under Federal Rules of Civil Procedure 55(c), a court may set aside an entry of default for "good cause."[2] The decision to set aside an entry of default lies within the discretion of the district court.[3] But courts recognize that "[t]he preferred disposition of any case is upon its merits and not by default judgment."[4] As such, he good cause standard is "fairly liberal."[5] Courts examine (1) "whether the default was willful;" (2) "whether setting it aside would prejudice the adversary;" and (3) "whether a meritorious defense is presented."[6] The Court addresses each factor in turn.

### A. Willful Conduct

Courts are less likely to set aside an entry of default when a defendant "has defaulted willfully or has no excuse for the default."[7] For example, failing to seek counsel or otherwise answer or contact the court has been held to constitute willful conduct.[8] Conversely, filing a motion to set aside shortly after default is entered indicates a defendant's good faith.[9]

Here, Defendant's actions indicate her good faith and that she did not default willfully. Defendant sought counsel, Mr. Shearman, immediately after Plaintiff served her. Mr. Shearman

---

[2] Fed. R. Civ. P. 55(c)

[3] *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

[4] *Id.*

[5] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (citing *Gomes*, 420 F.2d at 1366).

[6] *Guttman v. Silverberg*, 167 F. App'x 1, 4 (10th Cir. 2005).

[7] *Crutcher*, 205 F.R.D. at 584 (citations omitted).

[8] *See id.*

[9] *See Pinson v. Equifax Credit Inf. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) ("[Defendant] evidenced its good faith by submitting its motion to set aside . . . just six days after default was entered.").

helped her prepare a motion to extend her time to answer and even emailed Plaintiff's counsel to confirm it would be unopposed. Based on this and his previous representation of her, Plaintiff believed Mr. Shearman would fully represent her in this matter. When she discovered he did not, she immediately sought new counsel based in Kansas to address the Clerk's Entry of Default, and filed the present Motion one day after default was entered.

None of these facts indicate that Defendant defaulted willfully. Rather, they demonstrate that Defendant fully intended to litigate this case. Accordingly, the Court finds that Defendant's default was not willful.

**B.      Prejudice**

The second factor asks whether a plaintiff would be prejudiced by setting aside the entry of default.[10] In evaluating this factor, courts consider "whether plaintiff's ability to litigate has in some way been impaired or thwarted through the acts of the defaulting party or other events during the default period."[11] Slight delays in litigation by a defendant's default do not constitute prejudice.[12] While a longer delay may be prejudicial, a plaintiff "must show that any delay has actually hindered its ability to litigate the case."[13]

Plaintiff argues that the delay here is "substantial" because it took "nearly thirty days" to serve the Defendant and that she forced Plaintiff to "endure nearly sixty days of silence before

---

[10] *Crutcher*, 205 F.R.D. at 584.

[11] *James v. XPO Logistics Freight, Inc.*, 2020 WL 4569154, at *4 (D. Kan. Aug. 7, 2020) (citations and internal brackets omitted).

[12] *Id.*

[13] *Id.*

default was entered."[14] Plaintiff further argues that this delay hinders its ability to litigate the case because "it had intended to pursue a preliminary injunction . . . but reasonably relied on the default as a means to promptly secure relief," and "[r]eopening the case now would require USI to urgently prepare and file a new motion for preliminary injunction."[15]

But Defendant filed her Motion to Set Aside almost immediately after default was entered—hardly any time for Plaintiff to reasonably rely on default as a sound means of relief. Additionally, Plaintiff had several months *before* default was entered to pursue a preliminary injunction yet did not do so.[16] Considering "the sense of urgency that ordinarily accompanies a motion for preliminary relief,"[17] Plaintiff's argument that setting aside default would require it to "urgently prepare" an application does not rise to the level of impairing or thwarting Plaintiff's ability to litigate. Accordingly, the Court finds that Plaintiff will not be prejudiced upon setting aside the Clerk's Entry of Default.

## C.     Meritorious Defense

The final factor is whether a defendant has presented a meritorious defense.[18] This factor does not require the defendant "to demonstrate a likelihood of success on the merits," rather, a

---

[14] Doc. 25 at 9.

[15] *Id.*

[16] Plaintiff's decision not to seek preliminary relief earlier impacts its ability to show the requisite irreparable harm to obtain a preliminary injunction. *See Kingsford Prods. Co. v. Kingsfords, Inc.*, 674 F. Supp. 1428, 1431 (D. Kan. 1987) (citing *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984)) ("[D]elay . . . undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests there is, in fact, no irreparable injury."). Because timing is important to obtaining a preliminary injunction, it seems unreasonable for a plaintiff to rely on obtaining a default judgment in lieu of seeking preliminary relief.

[17] *Id.*

[18] *Crutcher*, 205 F.R.D. at 585.

defendant "need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."[19] Put differently, "[t]he rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious."[20]

Here, Defendant's primary defense is that the client accounts that Plaintiff alleges she solicited business from in violation of the Agreement were not actually Plaintiff's clients. Notably, Defendant also argues that the client accounts generate a very small commission that do not establish the requisite amount in controversy for the Court to have subject matter jurisdiction over this case. If Defendant is believed on the amount in controversy issue, this would result in dismissal of Plaintiff's case under Rule 12(b)(1).[21] Accordingly, the Court finds that Defendant presents a meritorious defense.

Each of the factors weigh in favor of setting aside the clerk's entry of default in this case. Because Defendant has established good cause under Rule 55(c), the Court grants her Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Set Aside Clerks Entry of Default (Doc. 19) is **GRANTED**.

---

[19] *Id.* (citation omitted).

[20] *Id.* (quoting *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)).

[21] *See* Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED.**

Dated this 6th day of October, 2025.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE